**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CHRISTIAN GUZMAN,** | : | **CIVIL ACTION NO.** |
| **PLAINTIFF,** | : | |
| v. | : | |
| **HOPKINS SCHOOL, INC.** | : | |
| **DEFENDANT.** | : | **November 20, 2025** |

**COMPLAINT**

**I.   INTRODUCTION**

1. State and federal laws prohibit employers and it's agents from treating employees negatively because of their race. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.;* Connecticut Fair Employment Practices Act, C.G.S. §46a-60(b)(1) *et. seq.* Additionally, state and federal laws prohibit employers from treating an employee in a negative manner for making good-faith complaints of discrimination. 42 U.S.C. § 2000e *et. seq.;* C.G.S. §46a-60(b)(4) *et. seq.*

2. Here, Defendant Hopkins School, Inc. employed Plaintiff Christian Guzman as a Maintenance Technician . Defendant harassed and discriminated against Guzman and treated him differently than his white co-workers, threatened his job and, after Guzman complained about his treatment, retaliated against him, resulting in his constructive discharge.

3. Defendant's conduct violates state and federal anti-discrimination laws, and its actions have caused and continue to cause Guzman substantial financial harm as well as non-economic damages, reputational damages, attorneys' fees and court costs.

1

## II.     PARTIES

1. The Plaintiff, Christian Guzman, is an individual residing in Hamden, Connecticut.

2. The Defendant, Hopkins School Inc. ("Defendant" or "the School"), is a private educational institution organized under the laws of the State of Connecticut, with its principal place of business located at 986 Forest Road, New Haven, CT.

## III.    JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391. All of the events or omissions giving rise to the claims in this Complaint occurred in Connecticut.

## IV.    FACTUAL ALLEGATIONS

5. The Plaintiff began employment with the Defendant on or about February 1, 2021, when its previous head of school, Kai Bynum, offered the Plaintiff the position of Maintenance Technician.

6. The Plaintiff is Hispanic, and is therefore a member of a protected class under Conn. Gen. Stat. § 46a-60 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.

7. Throughout Plaintiff's employment, he performed his duties in a competent and professional manner and met or exceeded the Defendant's legitimate expectations.

8. Despite his qualifications and satisfactory performance, the Plaintiff was subjected to disparate treatment and a hostile work environment based on his race.

9. The discriminatory conduct included, but was not limited to:

   a. being subjected to discriminatory conduct and rude comments about his race and ethnicity, including the following:
      (i) Caucasian workers routinely make rude comments about his clothing, culture and food.

      (ii) Co-worker Terry Giatrelis made comments about the Mexican food that the Plaintiff ↓ eats such as stating "you must really like those" when referring to "beans". Mr. Giatrelis made these statements in a derogatory and condescending manner.

      (iii) In the fall of 2023, Plaintiff's co-worker, Mike Hogan threw his food off of a golf cart. The Plaintiff complained about this incident, yet Hopkins School did not investigate or take action. The Plaintiff further asked one of the security staff to check the camera and clearly saw his co-worker Mike Hogan was the person who touched the food. To the Plaintiff's knowledge, nothing was ever done to address Mr. Hogan's behavior.

      (iv) On another occasion, a coworker said "Oh, you're eating that Mexican crap again."

      (v) The Plaintiff has overhead derogatory remarks from his coworkers on several occasions. Although he brought up his concerns to his supervisor, they did not take any action to address the issue.

   b. Despite complaints by a former co-worker, Joshua Garcia and the Plaintiff, Hopkins School continued to subject them to different terms and conditions of employment because of our race, including:
      i. Disparate opportunities for over-time and advancement.

    ii. Heightened scrutiny based upon their Hispanic heritage.

    iii. Hiring of an employee specifically to "babysit" Mr. Garcia and the Plaintiff.

    iv. Unequal break time and expectations of the job.

c. On November 15, 2023, the Plaintiff brought in a bike for a co-worker (Joshua Garcia) that was stored in the shop. Mr. Garcia found the bike in the shop (that is only accessible by employees) with a punctured tire. Hopkins School did not conduct a thorough investigation as to this intentional act of destruction of property.

d. One time a co-worker, Terry Giatrelis stated "you must be used to it" when he was discussing "running".

e. The Plaintiff complained about the hostile environment at Hopkins School including coworkers making comments about girls' bodies and breasts and making comments of a sexual nature. Another coworker made a comment about a faculty member's wife that was sexually explicit and made him uncomfortable,

f. The Plaintiff was subjected to racially biased comments or disparate disciplinary standards compared to similarly situated non-minority employees;

g. The Plaintiff was denied professional opportunities, promotions, or resources afforded to white colleagues.

10. The Plaintiff complained internally to his supervisor, Liz Climie, regarding the discriminatory treatment multiple times.

11. Following his complaints, Defendant retaliated against the Plaintiff by:

    a. Increasing scrutiny of his performance;

    b. Issuing unwarranted disciplinary actions or evaluations;

    c. Creating a hostile and intimidating work environment; and

    d. Constructively discharging the Defendant on or about September 27, 2025.

12. The Defendant's actions were intentional and motivated by discriminatory and

retaliatory animus.

13. As a direct and proximate result of Defendant's conduct, the Plaintiff has suffered loss of income, emotional distress, humiliation, and damage to his professional reputation.

---

**COUNT ONE:**      **DISCRIMINATION ON ACCOUNT OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e** *et. Seq.*

14. On or about April 5, 2024, Plaintiff Guzman filed a complaint of race discrimination in violation of state and federal law with the Connecticut Commission on Human Rights and Opportunities (CHRO). This complaint was dual-filed with the Equal Employment Opportunity Commission (EEOC).

15. Plaintiff Guzman obtained a release of jurisdiction from the CHRO and the EEOC release. See Exhibit 1.

16. As set out more fully above, Defendant's treatment of Guzman was motivated at least in part because of Guzman's race.

17. Defendant's stated reason for treating Guzman in this manner as well as its harassment of him and his threats to his job and benefits violated federal law.

18. Defendant's conduct, as described above, was willful disregard of Plaintiff's rights under state law.

19. As a direct and proximate result of Defendant's unlawful treatment of Plaintiff, Defendant has caused Plaintiff to incur economic damages,

including lost income and lost benefits, non-economic damages, damage to his professional reputation, and attorneys' fees and costs.

**COUNT TWO:** **DISCRIMINATION ON ACCOUNT OF RACE IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, C.G.S. § 46a-60(b)(1)**

20. As set out more fully above, Defendant's treatment of Guzman was motivated at least in part because of his race.

21. Defendant's stated reason for treating Guzman in this manner as well as its threats to his job and benefits violated Connecticut law.

22. Defendant's conduct, as described above, was in willful disregard of Plaintiff's rights under state law.

23. As a direct and proximate result of Defendant's unlawful treatment of Plaintiff, Defendant caused Plaintiff to incur economic damages, including lost income and lost benefits, non-economic damages, damage to his professional reputation, and attorneys' fees and costs

**COUNT THREE:** **RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 19654, AS AMENDED, 42 U.S.C. § 2000e *et. seq.***

24. As set forth above, Defendant constructively discharged Guzman after Defendant was given notice that he had filed a discrimination complaint against Defendant.

25. On April 5, 2024, Guzman filed a complaint of retaliation with the CHRO, which was dual filed with the EEOC.

26. Guzman has received a release of jurisdiction from the CHRO and a right to sue from the EEOC. (See, Exhibit. 2)

27. Defendant's stated reason for its treatment of Guzman– his performance - was mere pretext; Defendant treated Guzman in the manner that it did, in part due to animus towards him because he opposed Defendant's discriminatory conduct.

28. By constructively discharging Guzman, Defendant violated 42 U.S.C. § 2000e *et. seq.*, which prohibits retaliation against an employee for opposing a discriminatory employment practice.

29. Defendant has acted with willful disregard of Plaintiff's rights under both state and federal law.

30. As a result of the conduct of Defendant's described above, Guzman has suffered lost wages, benefits and other perquisites of employment, suffered pain and suffering and other emotional distress as well as incurred attorneys' fees.

**COUNT FOUR:**     **RETALIATION IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, C.G.S. § 46a-60(b)(4)**

31. As set forth above, Plaintiff complained repeatedly to Defendant regarding his discriminatory treatment.

32. Rather than take action, Defendant's discriminatory treatment against Guzman escalated.

33. Defendant's stated reason for its treatment of Guzman – his performance - was mere pretext; Defendant treated Guzman in the manner that it did in part due to animus towards him due to the fact that he opposed Defendant's discriminatory conduct.

34. By constructively discharging Guzman, Defendant has violated the Connecticut Fair Employment Practices Act, C.G.S § 46a-60 *et. seq.*, which prohibits retaliation against an employee for opposing a discriminatory employment practice.

35. Defendant has acted with willful disregard of Plaintiff's rights under both state and federal law.

36. As a result of the conduct of Defendant's described above, Guzman has suffered lost wages, benefits and other perquisites of employment, suffered pain and suffering and other emotional distress as well as incurred attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE, the Plaintiff respectfully requests that this Court:**

**COUNT ONE:**     DISCRIMINATION ON ACCOUNT OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et. Seq.* AS TO DEFENDANT VMS CONSTRUCTION

1. Lost wages, benefits and other perquisites of employment, pursuant to 42 U.S.C. § 2000e-5;

2. Compensatory damages, pursuant to 42 U.S.C. § 1981a;

3. Punitive damages, pursuant to 42 U.S.C. § 1981a;

4. Attorneys' Fees and costs, 42 U.S.C. § 2000e-5;

5. Interest; and

6. Such other and further relief as the Court deems just and equitable.

**COUNT TWO:**     DISCRIMINATION ON ACCOUNT OF RACE IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, C.G.S. § 46a-60(b)(1)

1. Lost wages, pursuant to C.G.S. pursuant to C.G.S. §46a-104;

2. Reinstatement or front pay, in lieu of reinstatement, pursuant to C.G.S. pursuant to C.G.S. §46a-104;

3. Compensatory damages, including back pay with interest and lost benefits, emotional distress and mental anguish, pursuant to C.G.S. pursuant to C.G.S. §46a-104;

4. Punitive damages, pursuant to C.G.S. §46a-104;

5. Attorneys' fees, costs, pre- and post-judgment interest, pursuant to C.G. S. § pursuant to C.G.S. §46a-104;  and

6. Any and all other relief as the court deems just and proper.

**COUNT THREE:** **RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 19654, AS AMENDED, 42 U.S.C. § 2000e *et. Seq.***

1. Lost wages, benefits and other perquisites of employment, pursuant to 42 U.S.C.      § 2000e-5;

2. Compensatory damages, pursuant to 42 U.S.C. § 1981a;

3. Punitive damages, pursuant to 42 U.S.C. § 1981a;

4. Attorneys' Fees and costs, pursuant to 42 U.S.C. § 2000e-5

5.  Interest; and

6. Such other and further relief as the Court deems just and equitable.

**COUNT FOUR:** **RETALIATION IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, C.G.S. § 46a-60(b)(4)**

1. Lost wages, pursuant to C.G.S. § 46a-104;

2. Reinstatement or front pay, in lieu of reinstatement, pursuant to C.G.S. § 46a-104;

3. Compensatory damages, including back pay with interest and lost benefits, emotional distress and mental anguish, pursuant to C.G.S. §46a-104;

4. Punitive damages pursuant to C.G.S. §46a-104;

5. Attorneys' fees, costs, pre- and post-judgment interest, pursuant to C.G. S. § 46a-104; and

6.  Any and all other relief as the court deems just and proper.

## JURY DEMAND

The Plaintiff requests a trial before a jury on all issues so triable.

Respectfully Submitted,

BY: ___Emmet P. Hibson, Jr._____
EMMET P. HIBSON, Jr. CT 22662
Of Counsel with
LAW OFFICES OF JENNIFER M. CELENTANO, LLC
Post Office Box 512
North Haven, CT  06473
Tele: (203) 605-1111
Fax: (203) 841-1242
Email:  jennifer@celentanolaw.com